COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-08-327-CR

 

 

JOHN MCGEE                                                                      APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

              FROM THE 362ND DISTRICT COURT OF DENTON COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------








Pursuant to a plea bargain, the trial court
convicted Appellant John McGee upon his plea of guilty to the offense of
unauthorized use of a motor vehicle and sentenced him to 345 days=
confinement in the State Jail Division of the Texas Department of Criminal
Justice.  Appellant did not file a motion
for new trial, but he filed his notice of appeal more than two months after
sentence was imposed; thus, his notice of appeal was untimely.[2]  Additionally, the trial court=s
certification states that this is a plea-bargain case, that Appellant has no
right to appeal, and that he has waived the right of appeal.[3]

Accordingly, we informed Appellant=s
appointed counsel by letter on September 19, 2008 that this appeal was subject
to dismissal unless Appellant or any party showed grounds for continuing it on
or before September 29, 2008.  Appellant=s
counsel did not respond, and Appellant=s pro se
response admits that his attorney filed the notice of appeal late.

A notice of appeal that complies with the
requirements of rule 26 is essential to vest this court with jurisdiction.[4]  The Texas Court of Criminal Appeals has
expressly held that, without a timely filed notice of appeal or motion for
extension of time, we cannot exercise jurisdiction over an appeal.[5]


 








Because Appellant=s notice
of appeal was untimely filed, we dismiss this case for want of jurisdiction.[6]

PER CURIAM

PANEL:  DAUPHINOT, HOLMAN, and
GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 20, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P.
26.2(a)(1) (providing that notice of appeal must be filed within thirty days of
sentencing).





[3]See Tex. R. App. P.
25.2(a)(2), (d).





[4]Tex. R. App. P.
26.2(a)(1).





[5]Olivo v. State, 918 S.W.2d 519, 522
(Tex. Crim. App. 1996).





[6]See Tex. R. App. P.
26.2(a)(1), 43.2(f).